## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CR-19-84-R |
| | ) | |
| KENTRY STELL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's pro se Motion for Federal Writ of Habeas Corpus Ad Prosequendum [Doc. No. 46].

Defendant previously entered a plea of guilty to a violation of 18 U.S.C. § 922(g)(1) and was sentenced to a term of imprisonment and three years of supervised release. On October 9, 2024, an arrest warrant based on a violation of the conditions of supervised release was issued. One day later, on October 10, 2024, retained counsel entered an appearance on behalf of Defendant. In the instant filing, Defendant appears to be requesting that he be brought to this Court to address the charges related to the violation of the conditions of supervised release.[1]

However, the Court "need not consider" Defendant's pro se filing because he is represented by counsel and "there is no constitutional right 'to a hybrid form of representation.'" *United States v. Sandoval-De Lao*, 283 F. App'x 621, 625 (10th Cir. 2008)

---

[1] "A parolee is not entitled to a revocation hearing until a warrant is executed and the parolee is taken again into federal custody." *Gabriel v. U.S. Parole Comm'n*, 319 F. App'x 742, 743 (10th Cir. 2009). Here, the docket reflects that the arrest warrant has not yet been executed.

(quoting *United States v. McKinley*, 58 F.3d 1475, 1480 (10th Cir.1995)). Defendant's motion is therefore DENIED.

IT IS SO ORDERED this 18th day of March, 2025.

*David L. Russell*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE